1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                      FOR THE DISTRICT OF ARIZONA
8
9    Jonathan Andrew Arias,              )    No. CV-15-1236-PHX-GMS (MHB)
                                         )
10            Plaintiff,                 )    **REPORT AND RECOMMENDATION**
                                         )
11   vs.                                 )
                                         )
12                                       )
     Charles L. Ryan, et al.,            )
13                                       )
              Defendant.                 )
14   _____)

15   TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE

16        Pending before this Court is Petitioner's Motion for Authorization to Represent

17   Petitioner in State Postconviction Proceedings; Motion to Stay Federal Proceeding

18   (hereinafter "motion") (Doc. 20).  Respondents do not object to the requested stay.  (Id. at

19   3.)

20        Petitioner filed his habeas petition on July 2, 2015, raising two claims: (1) his sentence

21   to natural life for offenses committed when Petitioner was a juvenile violated the United

22   States Constitution as set forth in Miller v. Alabama, __ U.S. __, 132 S. Ct. 2455 (2012)[1],

23   and (2) he was not sentenced in accordance with the provisions of his plea agreement.  (Doc.

24   1 at 6-7.)   Petitioner raised a claim pursuant to Miller in state court post-conviction

25

26   _____

27        [1]The Supreme Court, in Miller, recognized for the first time that sentencing juvenile
     offenders to life without parole, without consideration of certain factors relating to youth, is
28   cruel and unusual punishment under the Eighth Amendment.

proceedings, and the state court found <u>Miller</u> inapplicable to Petitioner[2], as his natural life sentence was not statutorily mandated, and the court considered the age of Petitioner (16 at the time of the offenses) to be a mitigating factor.  (Doc. 1 at 51-54.)[3]  The Arizona Court of Appeals granted review and affirmed the trial court's ruling on the merits of Petitioner's claim.  (Doc. 1 at 48-50.)  Respondents assert that claim one was procedurally defaulted by Petitioner in state court proceedings because Petitioner's claim was presented untimely and in a successive post-conviction petition.  (Doc. 17 at 20.)

Petitioner asserts in his motion that the Arizona state courts "should have the opportunity to reconsider [Petitioner]'s *Miller* claim in light of the permanent-incorrigibility standard announced in *Montgomery*."  (Doc. 20 at 1.)  Petitioner requests the opportunity to petition the United States Supreme Court for a GVR[4] (grant certiorari, vacate and remand), directing that the Arizona state court reconsider Petitioner's case in light of the <u>Montgomery</u> decision.

In <u>Montgomery</u>, however, the Supreme Court did not announce a new standard of "permanent-incorrigibility," as Petitioner suggests.  The Court, in its discussion of the substantiveness of <u>Miller</u>'s holding (for retroactivity purposes) referenced language from its decision in <u>Miller</u> that a life-without-parole sentence should be reserved for "all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility."  <u>Montgomery</u>, 136 S.Ct. at 734.  The <u>Montgomery</u> Court used interchangeably concepts such as "irretrievable depravity," " irreparable corruption," and "permanent incorrigibility" in its

---

[2] The trial court assumed retroactivity in its analysis, although that had not yet been decided.  Subsequently, in <u>Montgomery v. Louisiana,</u> ___ U.S. ___, 136 S.Ct. 718 (2016), the Supreme Court, on January 25, 2016, made the constitutional right recognized in <u>Miller</u> retroactively applicable to cases on collateral review.

[3]The trial court ruled similarly on Petitioner's petition and on motion for reconsideration.

[4]GVR orders are "premised on matters that [the Supreme Court] has reason to believe the court below did not fully consider."  <u>Lawrence on Behalf of Lawrence v. Chater</u>, 516 U.S. 163, 168 (1966) (per curium).

1    discussion of the retroactivity of <u>Miller</u>, but ultimately concluded that Miller "did not require

2    trial courts to make a finding of fact regarding a child's incorrigibility."  <u>Id.</u>, at 735. The

3    Court noted that "[w]hen a new substantive rule of constitutional law is established, this

4    Court is careful to limit the scope of any attendant procedural requirement to avoid intruding

5    more than necessary upon the States' sovereign administration of their criminal justice

6    systems." <u>Id.</u>  In the end, the Court's discussion of the holding in <u>Miller</u> was in the context

7    of determining if that holding should be given retroactive effect under <u>Teague v. Lane</u>, 489

8    U.S. 288 (1989), with the Court ultimately holding that "<u>Miller</u> announced a substantive rule

9    of constitutional law," and thus should be given retroactive effect.  <u>Montgomery</u>, 136 S.Ct.

10   at 736.

11          It is in this context that this Court decides whether to grant Petitioner's request to stay

12   and abey his proceedings.

13          Habeas relief is unavailable to a person in custody pursuant to a state court judgment,

14   unless the applicant "has exhausted the remedies available in the courts of the State."  28

15   U.S.C. §2254(b)(1)(A). Generally, "a district court must dismiss habeas petitions containing

16   both unexhausted and exhausted claims."  <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982).

17   Subsequent to <u>Rose</u>, the Antiterrorism and Effective Death Penalty Act (AEDPA) imposed

18   a one-year statute of limitations for filing federal habeas corpus petitions.  28 U.S.C.

19   §2254(d)(1).  The Supreme Court recognizes that if a petitioner files a petition in federal

20   court containing both exhausted and unexhausted claims, in other words a mixed petition,

21   the combined effect of <u>Rose</u> and the statute of limitation could result in the loss of all claims,

22   including those already exhausted, because the limitations period could expire while a

23   petitioner returned to state court to present his unexhausted claims.  <u>Pliler v. Ford</u>, 542 U.S.

24   225, 230-31 (2004).  Thus, the Supreme Court has held that the district court has limited

25   discretion to hold in abeyance a habeas petition containing both exhausted and unexhausted

26   claims, to permit a petitioner to return to a state court to exhaust additional claims while the

27   federal proceedings are stayed.  <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).

28          In <u>Rhines</u>, the Supreme Court held that a stay and abeyance is appropriate when (1)

there is good cause for petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and, (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics.  544 U.S. at 277-78. "[E]ven if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.  The stay-and-abeyance procedure "should be available only in limited circumstances," consistent with AEDPA's twin purposes: "reduc[ing] delays in the execution of state and federal criminal sentences" and encouraging petitioners to seek relief from state courts in the first instance.  Rhines, 544 U.S. at 276-77.  "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Id.

The Rhines' standard does not apply neatly here.  First, Petitioner asserts that he exhausted his Miller claim in state court because "he has invoked one complete round of Arizona's established review process that is available for such claims, and afforded the Arizona Supreme Court an opportunity to review that claim." (Doc. 20 at 2.)  The trial court and the Arizona Court of Appeals decided Petitioner's Miller claim after assuming, for purposes of their analysis, that the holding applied retroactively to Petitioner's case.  (Doc. 1 at 48-50, 51-54.)  Thus, the Montgomery decision, applying Miller retroactively, will not likely constitute a basis for the state court's reconsideration of Petitioner's claim.  And, although the trial court noted that Petitioner's post-conviction petition was successive and untimely (the basis upon which Respondents assert Petitioner's claim is unexhausted ), the trial court noted that it was filed pursuant to Ariz.R.Crim.P. 32.1(g), which provides an exception to the preclusion rule when "there has been a significant change in the law that if determined to apply to the defendant's case would probably overturn the defendant's conviction or sentence." (emphasis deleted) (Doc. 1, at 53).

Furthermore, it is not only speculative, but unlikely that the United States Supreme Court will find that the standard for a GVR would by met here, as there is no issue to "flag"

1  that the state courts did not "fully consider[]."[5]  The <u>Montgomery</u> decision did not alter the

2  holding of <u>Miller</u>; it made the holding retroactive.  And, the state court applied the holding

3  of <u>Miller</u> in its review of Petitioner's post-conviction claim.

4       This Court agrees with Petitioner and rejects Respondents' assertion that Petitioner

5  has not exhausted his claim.  Before a federal court may grant habeas corpus relief to a state

6  prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. §

7  2254(b)(1); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Coleman v. Thompson</u>, 501

8  U.S. 722, 731 (1991).  The federal court will not entertain a petition for writ of habeas corpus

9  unless each and every issue has been exhausted.  <u>Pliler</u>, 542 U.S. at 230; <u>Rose</u>, 455 U.S. at

10  521-22.  To properly exhaust state remedies, the prisoner must have afforded the state courts

11  the opportunity to rule upon the merits of his federal constitutional claims by "fairly

12  presenting" them to the state courts in a procedurally appropriate manner.  <u>Castille v.</u>

13  <u>Peoples</u>, 489 U.S. 346 (1989); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (stating that "[t]o

14  provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' her claim

15  in each appropriate state court . . . thereby alerting the court to the federal nature of the

16  claim.").  A petitioner must describe both the operative facts and the federal legal theory so

17  that the state courts have a "fair opportunity" to apply controlling legal principles to the facts

18  bearing on his constitutional claim.  <u>Id.</u>, at 33.  In cases not carrying a life sentence or the

19  death penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them.

20  <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999).

21       Petitioner alerted the state court to the <u>Miller</u> holding in a procedurally appropriate

22  manner, that is, by filing for post-conviction relief pursuant to Ariz.R.Crim.P. 32.1(g), which

23  provides an exception to the rule against late and successive petitions when "there has been

24  a significant change in the law that if determined to apply to defendant's case would probably

25  overturn the defendant's conviction or sentence."  Although the trial court noted that

26  Petitioner's petition was both "successive and untimely," it addressed the merits of the claim

27

28      [5]<u>Chater</u>, 516 U.S. at 167.

1 | pursuant to the rule, and, in doing so, presumed the retroactivity of <u>Miller</u>. (Doc. 1 at 51-54.)
2 | The Arizona Court of Appeals did not address any timeliness issues, and directly addressed
3 | the merits of Petitioner's <u>Miller</u> claim, also presuming, for the purpose of analysis, the
4 | retroactivity of <u>Miller</u>.  (<u>Id.</u> at 48-50.)  In determining whether a state court applied a
5 | procedural bar, this court "reviews the "last reasoned opinion" of the state court.  <u>Y1st v.</u>
6 | <u>Nunnemaker</u>, 501 U.S. 797, 803 (1991).  The Arizona appeals court's decision on the merits
7 | is the last reasoned opinion in Petitioner's case, as the decision was summarily affirmed by
8 | the Arizona Supreme Court.  (17-1 at 69.)

9 |     Thus, Petitioner's claim one is exhausted, and therefore, Petitioner's habeas petition
10 | is not mixed and a request for a stay and abey should be denied.

11 | **CONCLUSION**

12 |     For the foregoing reasons, this Court finds that Petitioner's habeas petition is not
13 | mixed, and therefore there is no cause, pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005),
14 | to stay and abey the proceedings, or to authorize the Federal Public Defender to represent
15 | Petitioner in state court post-conviction proceedings. Wherefore, this Court will recommend
16 | that Petitioner's Motion for Authorization to Represent Petitioner in State Postconviction
17 | Proceedings; Motion to Stay Federal Proceeding, (Doc. 20), be denied.

18 | **IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for Authorization
19 | to Represent Petitioner in State Postconviction Proceedings; Motion to Stay Federal
20 | Proceeding, (Doc. 20), be **DENIED**.

21 |     This recommendation is not an order that is immediately appealable to the Ninth
22 | Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
23 | Appellate Procedure, should not be filed until entry of the district court's judgment.  The
24 | parties shall have fourteen days from the date of service of a copy of this recommendation
25 | within which to file specific written objections with the Court.  <u>See</u> 28 U.S.C. § 636(b)(1);
26 | Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen
27 | days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of
28 | Civil Procedure for the United States District Court for the District of Arizona, objections

to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

DATED this 16th day of March, 2016.

Michelle H. Burns
United States Magistrate Judge