**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Andrew Arias, | No. CV-15-01236-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Before the Court is Respondent's Motion for Reconsideration (Doc. 67) and Magistrate Judge Burns' Supplemental Report and Recommendation (Doc. 80). For the following reasons, the Court requests supplemental briefing from the parties prior to issuing any decision on the petition.

Petitioner filed his habeas petition on July 2, 2015. (Doc. 1.) Petitioner has one remaining claim in the petition—that his sentence to natural life for offenses committed when he was a juvenile violated the United States Constitution as set forth in *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders). Initially, these proceedings were stayed pending the outcome of the Supreme Court case *Montgomery v. Louisiana*, which determined that *Miller* was retroactive. 577 U.S. 190 (2016). In August 2016, the Magistrate Judge issued a Report and

Recommendation ("2016 R&R") recommending the granting of Petitioner's *Miller* claim and an order that he be released from custody unless the state resentenced him in a manner compliant with *Miller*. (Doc. 40.)

Prior to the 2016 R&R, Petitioner filed a petition for a writ of certiorari in the United States Supreme Court, seeking review of the Arizona Court of Appeals' denial of his *Miller* claim. In October 2016, the Supreme Court granted the petition, vacated the Arizona Court of Appeals' ruling, and remanded the case to the Arizona Court of Appeals for further consideration in light of *Montgomery*. On remand, the state waived its right to file supplemental briefing and stipulated that the Petitioner should be resentenced in light of *Montgomery*. (Doc. 57-2.) Because the Arizona Court of Appeals accepted the stipulation, Petitioner conceded in this Court that his habeas petition was moot and moved to voluntarily dismiss the habeas petition. (Doc. 57.) In March 2018, the Court granted the motion, and the case was dismissed. (Doc. 58.)

In 2021, however, the United States Supreme Court decided *Jones v. Mississippi*, which held that a sentencing judge is not required to make a finding of permanent incorrigibility before imposing a discretionary sentence of life without parole on a juvenile homicide offender. 141 S. Ct. 1307 (2021). At that time, the state had not yet resentenced Petitioner, and it moved to vacate the resentencing and relieve itself of the obligation to resentence Petitioner under the prior stipulation. The state trial court granted the request and dismissed Petitioner's post-conviction proceedings. In November 2021, as a result of the state court's dismissal of his claim, Petitioner filed a motion for relief from judgment in this Court, requesting that his habeas proceedings be reopened as the state had reneged on its stipulation to resentence him. Because the resentencing was a condition precedent to the parties' dismissal of the habeas proceedings in this Court, the Court reopened Petitioner's case. (Doc. 66.) It gave Respondents leave to file a Motion to Reconsider the 2016 R&R and address whether and how the *Jones* decision would affect the 2016 R&R.

Respondents filed their Motion to Reconsider. In the Motion to Reconsider, Respondents provided a transcript of Petitioner's sentencing. The absence of such a

transcript was, in large part, the basis for the Magistrate Judge's previous recommendation granting the habeas petition. (Doc. 40.) After viewing the transcript, the Magistrate Judge concluded that "the trial court did consider age and other mitigating factors at the time of Petitioner's sentencing." (Doc. 80 at 4.) On that basis, in its most recent R&R ("2022 R&R") the Court reversed its recommendation that Petitioner's habeas petition be granted. (Doc. 80.)

In the briefing on the Motion for Reconsideration, the parties raised an additional argument, however. Petitioner argued that in Arizona, the statutory scheme for first degree murder at the time of his sentencing was unconstitutional pursuant to *Miller*. Petitioner asserts that, at the time of his sentencing, the possibility of a less-than-natural-life sentence was "illusory" because Arizona abolished parole prior to his sentencing. Petitioner did not raise this argument in his habeas petition, but in the 2022 R&R, the Magistrate Judge addressed the issue because "Respondents addressed the issue in their Motion for Reconsideration and Reply and have not argued in their pleadings or at oral argument that the issue is somehow precluded." (Doc. 80 at 5.) In the 2022 R&R, the Magistrate Judge noted that she was inclined to accept Petitioner's statutory construction argument and grant relief on those grounds because the Arizona Supreme Court and an Arizona District Court case had accepted the same argument under similar circumstances. *See State v. Valencia*, 241 Ariz. 206 (2016); *Jessup v. Ryan*, No. CV-15-01196, 2018 WL 4095130 (D. Ariz. Aug. 28, 2018). However, the 2022 R&R recommended staying the case pending the outcome of the appeal in *Jessup*.

Important changes in the case law and Petitioner's circumstances have occurred since the 2022 R&R was issued. First, as to the case law, the Ninth Circuit issued its opinion in *Jessup*. It reversed the district court's determination that the sentencing scheme under which Petitioner was sentenced was unconstitutional because Arizona's laws prevented him from being eligible for parole. 31 F.4th 1262, 1268 (9th Cir. 2022). The Court held that because "the sentencing judge determined—considering Petitioner's age and the characteristics of youth—that Petitioner warranted a sentence without any

possibility of any form of release," the underlying statutory scheme did not warrant granting the habeas petition. *Id.* The Petitioner in *Jessup* has filed a petition for a writ of certiorari in the U.S. Supreme Court, which is currently pending. The Ninth Circuit also decided a similar case since the 2022 R&R, *Crespin v. Ryan*. 46 F.4th 803 (9th Cir. 2022). In *Crespin*, the Court affirmed the district court's grant of Petitioner's habeas petition for failure to comply with *Miller*. *Id.* at 810-11. There, the sentencing judge approved a plea agreement providing for life without the possibility of parole, and thus stated "nothing presented at the sentencing hearing could affect [Petitioner's] sentence." *Id.* at 810. This approach, the Ninth Circuit held, violated *Miller*'s requirements because although "there was evidence that might have supported a lesser sentence, . . . [t]he trial judge . . . was not free to give weight to these facts and others under the plea agreement." *Id.* at 811. These two cases are binding precedent and provide further insight as to how the Ninth Circuit approaches the issues raised in the Motion before the Court.

More importantly, since the 2022 R&R was issued, the Arizona Court of Appeals vacated the state trial court's dismissal of Petitioner's petition for post-conviction release and remanded for resentencing in accordance with *Miller* and *Montgomery*. In doing so, the Court of Appeals relied on a separate case that the Magistrate Judge also discussed in the 2022 R&R, *State v. Valencia*, 241 Ariz. 206. In *Valencia*, the Arizona Supreme Court held that the reinstatement of parole in Arizona in 2014 did not cure a *Miller* violation for "inmates serving natural life sentences for murders committed as juveniles." *Id.* at 210. The Arizona Supreme Court recognized that while "[t]he natural life sentences at issue . . . were not mandatory," they "did amount to sentences of life without the possibility of parole." *Id.* at 208. In Petitioner's case, the Arizona Court of Appeals held that the state remains bound by its previous stipulation to resentencing because "*Jones* neither modified nor implicitly overruled the *Valencia* court's application of *Miller* and *Montgomery*." (Doc. 83-1 at 4.) The state's appeal is currently pending in the Arizona Supreme Court.

In light of the changes in case law, it appears that at least some of the analysis in the R&R is inapplicable or outdated. More importantly, in light of the changes in Petitioner's

circumstances in his state court case, it appears that the instant habeas petition may be moot and require dismissal. Nevertheless, in 2018, Petitioner's case was dismissed for mootness based on a grant of the same relief he has once again obtained in state court, relief which the state reneged upon shortly thereafter. Over the course of this litigation, Respondents have challenged the Petitioner's ability to bring his claim; first, arguing that the habeas petition was untimely under the AEDPA (Doc. 17 at 7) and second, arguing that Petitioner was not entitled to relief from judgment under Rule 60(b)(3) on the motion to reopen the case (Doc. 62). Although Respondents' procedural arguments have failed and Petitioner has been determined to have preserved at least some of his claim, he has not received a decision on the merits of his habeas petition in this Court. If the case is closed now, the Court expects that Respondents may raise the same or similar procedural arguments should Petitioner attempt to reopen the case. The Court is therefore hesitant to close the case if doing so will create a significant procedural hurdle to relief to which Petitioner may be entitled if the Arizona Supreme Court reverses the decision of the Court of Appeals.

Therefore, the Court requests briefing from the parties on the appropriate course of action to take in light of the Arizona Court of Appeals' decision to grant the Petitioner relief and the pending appeal in the Arizona Supreme Court. More specifically, is it appropriate or necessary for the Court to dismiss or stay this case? If not, do the changes in case law or Petitioner's circumstances necessitate further briefing on the merits of Petitioner's claim?

Accordingly,

**IT IS THEREFORE ORDERD** that the parties shall have 15 days from the entry of this Order to brief the following:

1. The appropriate course of action to take in light of the Arizona Court of Appeals' decision to grant the Petitioner relief and the pending appeal in the Arizona Supreme Court.
2. Is it appropriate or necessary for the Court to dismiss or stay this case.
3. If not, do the changes in case law of Petitioner's circumstances necessitate

1 further briefing on the merits of Petitioner's claim.

2 **IT IS FURTHER ORDERED** that the parties will then have 15 days to file
3 response briefs.

4 Dated this 6th day of March, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge