**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Andrew Arias,<br><br>   Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>   Respondents. | No. CV-15-01236-PHX-GMS<br><br>**ORDER** |

Before the Court is Respondents' Motion for Reconsideration of the Magistrate Judge's Report and Recommendation (Doc. 67) and Magistrate Judge Burns' Supplemental Report and Recommendation (Doc. 80). For the following reasons, this case is stayed pending the Arizona Supreme Court's ruling in Petitioner's state court case.

**BACKGROUND**

The Court's most recent order detailed the procedural posture of this case. (Doc. 84.) Although two Report and Recommendations ("R&R") are before the Court (Docs. 67, 80), the relevant facts and law to Petitioner's claim have materially changed since the Magistrate Judge issued the R&Rs. Most relevant here is that in September 2022, the Arizona Court of Appeals granted Petitioner's petition for post-conviction relief in state court. (Doc. 83-1 at 4.) In light of the state court granting Petitioner relief, as well as changes in relevant case law, significant portions of the R&Rs were either outdated or inapplicable. As such, the parties were directed to brief the Court on the appropriate course

of action. Both parties filed initial briefs, and Respondents filed a response brief. To date, Petitioner has not filed a response.

## DISCUSSION

A federal court may not grant a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State; or . . . there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). As a matter of comity, "the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *Id.* at 845 (internal quotations omitted). Therefore, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In this case, Petitioner's state remedies are not exhausted because the question presented in his petition may be raised (and, in fact, is raised and pending review) in the Arizona Supreme Court. Petitioner alleges that he has exhausted the claim because he presented it to the Arizona state courts using one full round of the state's established appellate review procedures. (Doc. 85 at 2.) However, this Court previously determined that Petitioner's claim became unexhausted when the United States Supreme Court remanded the case to the Arizona Court of Appeals. (Doc. 49 at 2) ("In light of the remand to the Arizona Court of Appeals, the state proceedings will be reopened and Petitioner's claim has become unexhausted."). The same claim that was remanded by the U.S. Supreme Court to the Arizona Court of Appeals still continues in state court. Although it has been over six years since this Court stated that the claim had become unexhausted, the highest

state court has yet to rule on the merits of the claim after it was vacated and remanded.[1] The exhaustion requirement is only satisfied if "the petitioner's federal claim has been fairly presented to the state courts." *Hayes v. Kincheloe*, 784 F.2d 1434, 1437 (9th Cir. 1986) (internal quotations omitted). The Ninth Circuit has said that "[i]f a petitioner presents his claim to the highest state court and that court disposes of the claim on the merits, the exhaustion requirement has been satisfied." *Id.* Thus, this Court cannot rule on the merits of the claim until the Arizona Supreme Court rules on the State's appeal in Petitioner's case. The purpose of the exhaustion requirement is, in the interest of comity, to ensure that the state courts have an opportunity to correct the constitutional violation in the first instance. *O'Sullivan*, 526 U.S. at 845. Deciding the merits of this claim while it remains pending in the Arizona Supreme Court would undermine that purpose.

Petitioner also asserts that he should be exempt from the exhaustion requirement because "state-court processes are ineffective to protect Mr. Arias's Eighth Amendment rights." (Doc. 85 at 2 (citing 28 U.S.C. § 2254(b)(1)(B)(ii).)) He invokes this statutory exemption because the State "renege[d] on the resentencing stipulation." (*Id.*) At this time, however, the State's motion to withdraw from the stipulation does not support a conclusion that state court processes are ineffective to protect Petitioner's rights. The subject of the state court litigation is whether, in light of new Supreme Court precedent, the state remains bound by its earlier stipulation. Thus, a decision as to whether State's withdrawal from the stipulation renders state court processes ineffective to protect Petitioner's rights would essentially be a decision on the merits of the very issue before the Arizona Supreme Court. This would likewise undermine the purposes of the exhaustion requirement.

This case should be stayed until the conclusion of the case in state court. Federal courts have broad discretion to stay proceedings before them to await the conclusion of

---

[1] Multiple stays pending other decisions account for this delay. The matter was first stayed in the Arizona Court of Appeals pending the Arizona Supreme Court's decision in *State v. Valencia*, 241 Ariz. 206 (2016). After the State stipulated to resentencing Petitioner, the resentencing in the Arizona Superior Court was stayed, at Petitioner's request, until after the United States Supreme Court issued its opinion in *Jones v. Mississippi*, 141 S. Ct. 1307 (2021); (Doc. 60-5 at 10).

ancillary state-court proceedings. *See Rhines v. Weber*, 544 U.S. 269 (2005). The Ninth Circuit has held that federal courts may stay fully unexhausted claims pending exhaustion in state court. *Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016). A stay is appropriate where there is good cause for the claims to be unexhausted in state court, the claims are potentially meritorious, and the petitioner has not engaged in dilatory tactics. *Rhines*, 544 U.S. at 277. Here, Respondents concede that a stay, rather than dismissal, is appropriate pending exhaustion of state court remedies. (Doc. 87 at 2.) Good cause exists for the claims to be unexhausted because the unusual procedural posture of the case, rather than any fault of the Petitioner, has caused the delay in exhaustion of state remedies. Petitioner's claim is potentially meritorious, as demonstrated by the Supreme Court's previous remand and the pending R&Rs. Lastly, it appears plain that Petitioner has not engaged in any dilatory tactics, and the State does not allege that he has. Thus, a stay is warranted until the Arizona Supreme Court issues a decision in Petitioner's case.

The Court will require Respondents to file a status report every 60 days reflecting the status of Petitioner's proceedings in state court. The Court will also require Respondents to file a status report within 15 days after the Arizona Supreme Court issues a decision on their petition for review.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that this case is **STAYED** pending resolution of Petitioner's case in the Arizona Supreme Court. The Clerk of Court is directed to indicate on the docket that this case is stayed.

**IT IS FURTHER ORDERED** that beginning on the first business day of **May 2023, and on the first business day of every other month thereafter, Respondents must file** with the Court a "Notice of Status" that informs the Court of the status of Petitioner's proceedings in state court.

/ / /

**IT IS FURTHER ORDERED** that Respondents must file a "Notice of Status" within 15 days after the Arizona Supreme Court issues a final decision on Respondents' pending petition for review.

Dated this 13th day of April, 2023.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge