**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Andrew Arias, | No. CV-15-01236-PHX-GMS |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, | |
| Respondent. | |

Pending before this Court are: (1) Respondent Thornell's Motion for Reconsideration of the Magistrate Judge's Report and Recommendation (Doc. 67) and (2) the Supplemental Report and Recommendation of the Magistrate Judge (Doc. 80).

## BACKGROUND

In conjunction with its Motion for Reconsideration, Respondent provided the transcript of sentencing (Doc. 67-1); the absence of which was crucial to the Magistrate Judge's recommendation to grant claim one of the Petition. The Magistrate Judge based her initial recommendation on the failure of the Respondent to establish that the sentencing court had taken into account Petitioner's age, attendant characteristics, and other mitigating factors in sentencing him to life without parole. (Doc. 40 at 14-15). At the time, the Magistrate Judge read *Miller v. Alabama*, 567 U.S. 460, (2012), to require not only that a court sentencing juveniles convicted of first-degree murder have the discretion to impose a sentence with the possibility of parole, but to require an explanation of the sentence to

account for the age and maturity of the defendant, as well as other relevant mitigating factors. (*Id.*) When supplied with the Motion for Reconsideration, however, the transcript of the sentencing, apparently previously unavailable, established that the sentencing court actually had taken into account mitigating factors, including age, in sentencing Petitioner. (Doc. 67-1 at 14).

A Response and Reply were filed by both parties. Petitioner's Response was two-fold. He argued, first, that the Arizona Court of Appeals' determination that Petitioner stipulated to a natural life sentence was erroneous because that stipulation had been withdrawn, and thus, at sentencing, "the Court now has discretion on those counts to sentence the Defendant to a term less than Natural Life." (Doc. 68 at 5) (quoting Doc. 12-1 p. 55). Petitioner also argued, apparently for the first time in his case, that because, in 1993, the Arizona Legislature had abolished the parole system for all offenses committed after January 1, 1994, A.R.S. § 41-1604.09, the sentencing court's ability to sentence Petitioner to anything less than natural life, even though it was provided for in the statute governing sentences for first-degree murder, A.R.S. §13-703, was illusory and created a mandatory life sentencing requirement that violated *Miller*. (Doc. 68 at 3-6). Although, in Reply, the Respondent noted that this latter argument was newly-asserted, it nevertheless addressed the argument on the merits. (Doc. 72 at 2).

In effect, the Magistrate Judge's ensuing Supplemental Report and Recommendation granted Respondent's Motion for Reconsideration. In the Supplemental Report, the Magistrate Judge withdrew her recommendation that claim one be granted. (Doc. 80 at 4, 10) ("Now having had the opportunity to review the transcript this Court finds that the trial court did consider age and other mitigating factors at the time of Petitioner's sentencing."). Thus, Respondent's Motion for Reconsideration (Doc. 67) has been granted by the Magistrate Judge and is now moot.

Nevertheless, despite recommending the rejection of the Petition on the grounds stated therein, the Supplemental Report recommended staying the Petition on the new claim raised by the Petitioner in his Reply until after that issue, which was then pending in

1    the Ninth Circuit under the name *Jessup v. Shinn*, was decided.  (Doc. 80 at 9).

2        Prior to this Court's decision on the Magistrate Judge's recommendation, however,

3    the Arizona Court of Appeals ordered that Arias be resentenced in accordance with *Miller*

4    and *Montgomery v. Louisiana,* 577 U.S. 190 (2016).  (Doc. 83 at 1).  Respondents indicated

5    to this Court that a petition for review would likely be filed with the Supreme Court to

6    review that Court of Appeals determination.  (*Id.*).  Thus, this Court granted a stay pending

7    resolution of Petitioner's case in the Arizona Supreme Court.  (Doc. 88).

8        On September 19, 2023, the Arizona Supreme Court vacated the Court of Appeals'

9    memorandum decision and returned jurisdiction to the Court of Appeals for reconsideration

10   based on *State ex rel. Mitchell v. Cooper,* 535 P.3d 3 (Ariz. 2023).  (Doc. 97).  Upon

11   reconsideration, the Court of Appeals granted review but denied relief to Petitioner.  (*Id.*).

12   On June 3, 2024, The Arizona Supreme Court summarily denied Arias's petition for review

13   of the Court of Appeals' denial of relief to him.  (Doc. 98).  On June 21, 2023, this Court

14   lifted the stay in this case.  (Doc. 99).  No parties desire further briefing.  The Court

15   thereafter met with the parties.

16                                        **ANALYSIS**

17       Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the last

18   reasoned state-court decision deciding the matter at issue is the decision the habeas court

19   examines to determine whether 28 U.S.C.A. § 2254(d) exceptions apply.  When a state

20   court does not explain the reason for its decision, a federal habeas court "look[s] through"

21   to the last state-court decision that provides a reasoned explanation capable of review.

22   *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014).  The parties acknowledge that, in

23   this case, the last reasoned explanation capable of review was *Mitchell*.

24       In *Mitchell*, 16 year-old Lonnie Bassett committed at least two murders.  535 P.3d

25   at 6.  After his guilt was established, Bassett was sentenced on the first count to life without

26   the possibility of parole ("natural life").  *Id.*  On the second, he was given a life sentence

27   with the possibility of parole after twenty-five years.  *Id.*  In a post-conviction relief

28   proceeding, the state trial court held that, due to the Arizona Legislature's invalidation of

parole in 1993, the life sentence imposed on the first count was mandatory, and thus violated *Miller* and *Montgomery*. *Id*. at 9. The trial court further held that Bassett was entitled to a sentencing hearing under *State v. Valencia*, 241 Ariz. 206, 386 P.3d 392 (2016), at which a juvenile could "establish . . . that their crimes did not reflect irreparable corruption but instead transient immaturity." *Id*. at 9-10 (quoting *Valencia*, 241 Ariz. at 210, 386 P.3d at 396).

On review, the Arizona Supreme Court noted that the Supreme Court in *Jones v. Mississippi*, 593 U.S. 98 (2021), established that *Miller* does not require "a separate factual finding of permanent incorrigibility or provide an on-the-record sentencing explanation with an implicit finding of permanent incorrigibility." *Mitchell*, 535 P.3d at 11. It thus reversed *Valencia*. It further held that Arizona's sentencing scheme for juveniles required, "[i]n determining whether to impose a sentence of life or natural life," that "courts must consider not only a juvenile's age but also the 'level of maturity, judgment and involvement in the crime.'" *Id*. at 12 (citations omitted). Under Arizona law, as the Arizona Supreme Court noted, age is not a mitigating circumstance, "it actually is statutory mitigation." *Id*.

In rejecting the argument that the legislature's 1993 repeal of parole resulted in a mandatory natural life sentence in violation of *Miller*, the *Mitchell* court both cited and quoted *Jessup,* 31 F.4th 1262, 1268 (9th Cir. 2022), referred to in the Magistrate Judge's supplemental report (Doc. 80). *Mitchell*, 535 P.3d at 12. In *Jessup,* the sentencing court "genuinely, if mistakenly, thought that he was considering a sentence of life with the possibility of parole." *Jessup*, 31 F.4th at 1267. And thus, the Court engaged in a complete, and *Miller*-compliant, individualized sentence. *Id*. at 1267-68. "Nothing in the record suggests that the precise form of potential release at issue had any effect on the sentencing judge's exercise of discretion." *Id*. at 1267. After having considered all the factors, including the mitigating ones, the sentencing court imposed a natural life sentence. *Id*. Under such circumstances, the Ninth Circuit found no *Miller* violation, despite the abolition of parole for all offenses committed after January 1, 1994. *Id*. It held that because "the sentencing judge determined—considering Petitioner's age and the characteristics of

youth—that Petitioner warranted a sentence without any possibility of any form of release," the petition had received the individualized assessment required by *Miller*. *Id*. at 1268  It further noted that, in light of legislation since passed in Arizona reauthorizing parole for those who had received a life sentence with parole, Jessup, had he been sentenced to life with parole, would have been entitled to relief under the statute. *Id*.  Nevertheless, because he had been sentenced to life without parole by a judge who thought he had the discretion to impose either sentence but rejected a parole option after a *Miller*-compliant individualized assessment, the potential underlying statutory problem did not apply to Petitioner's case, was distinguishable from *Miller*, and did not warrant granting the habeas petition. *Id*.

As in *Jessup,* the Arizona Supreme Court in *Mitchell* noted that the trial court understood that it had the discretion to sentence to either life with, or life without, the possibility of parole, as evidenced by the fact that it imposed natural life as the sentence for the first murder and life with the possibility of parole for the second. *Mitchell*, 256 Ariz. at 16.  In conducting the analysis that led to the two sentences after the same trial on the two counts, the trial court engaged in the kind of individualized analysis required by *Miller*, including considerations of the Defendant's age and attendant characteristics and circumstances. *Id*. at 13, 15.  *Thus*, the Arizona Supreme Court ruled, the life sentence without the possibility of parole did not violate the *Miller* standard for applying the Eighth Amendment to juvenile offenders. *Id*. at 16.

Petitioner asserts, however, that *Crespin v. Ryan,* 46 F.4th 803 (9th Cir. 2022), is the applicable precedent here.  In contrast to *Jessup*, *Crespin* involved a sentencing judge who approved a plea agreement for life without the possibility of parole, and further stated, "nothing presented at the sentencing hearing could affect [Petitioner's] sentence." *Crespin*,46 F.4[th] at 810.  The sentencing judge noted, "the sentence that's provided, no matter what testimony is presented on your behalf, . . . once I've accepted the plea agreement, you'll receive a life sentence, which is a natural life sentence with no possibility of parole, commutation of sentence, et cetera. . . . there is no sentence to be given other

than what's called for in the plea agreement." *Id*. at 806.

The Ninth Circuit noted that, although the sentencing judge was aware of some facts pertaining to the petitioner and could have rejected the plea agreement, "he did not have the discretion to choose which sentence he felt was *best* for Crespin." *Id*. at 811. Because the sentencing court felt that it did not have the discretion to impose a lesser sentence than life without the possibility of parole, it did not seek to exercise such discretion, and Crespin's sentence violated the Eighth Amendment as explained in *Miller*. *Id*.

In this case, however, unlike *Crespin,* but like *Jessup,* the sentencing court believed it had the discretion to sentence Petitioner to a life sentence with parole. The sentencing court engaged in individualized sentencing. In addition to considering arguments by defense counsel regarding Petitioner's ability to change, a report by a mitigation specialist, and statements by Petitioner that he had matured and was not the same person as when he committed the crimes, the trial court considered the Defendant's age and other mitigating circumstances. (Doc. 67-1 at 8-14). "The Court's considered, on all counts, the aggravating and mitigating circumstances. The mitigating circumstances being no prior felony convictions, the defendant's age at the time of the occurrences, the difficult life, I've also considered, that Mr. Arias had." (*Id*. at 14). The Court, as in *Jessup,* nevertheless sentenced Petitioner to a life sentence without the possibility of parole. Thus, *Miller* was not violated, and the state sentencing court correctly so found on Plaintiff's second memorandum for post-conviction relief. Therefore, the decision of the Arizona state courts was not contrary to, nor did it involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

**IT IS THEREFORE ORDERED:**

**DENYING** Respondent Thornell's Motion for Reconsideration of the Magistrate Judge's Report and Recommendation (Doc. 67) as moot;

**ACCEPTING** The Magistrate Judge's Supplemental Report and Recommendation (Doc. 80) that her initial Report and Recommendation be denied (Doc. 40), and, after having granted the recommended stay, the Court further finds

**DENYING** Petitioner's habeas petition (Doc. 1) on the ground that he has failed to make a substantial showing of the denial of a constitutional right.  Due to that failure, a certificate of appealability is also denied.  28 U.S.C. . § 2253(c).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 26th day of August, 2024.

G. Murray Snow
Chief United States District Judge